FILED

Lodged
Proposed
Order

2018 FEB 15 PM 1:30

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY: LAW

Joel Ford
6409 Webber Cole Rd.
Kinsman, Ohio 44428
(330)876-9213
Defendant in Pro Per

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. Gem & Jewelry Design Inc. ) | Case No.: 2:17-cv-6538 RGK (AGRx) |
| ) | |
| ) | **NOTICE OF MOTION AND** |
| ) | **MOTION TO DISMISS FOR LACK OF** |
| ) | **PERSONAL JURISDICTION,** |
| ) | **IMPROPER VENUE & INSUFFICIENT** |
| ) | **SERVICE OF PROCESS** |
| ) | |
| Plaintiff, ) | Hearing Date:  March 19, 2018 |
| VS. ) | Time: 9:00am |
| ) | Judge:  R. Gary Klausner |
| J F COLLECTIONS INC., ) | Courtroom 850 |
| an Ohio Company and JOEL ) | |
| FORD an individual ) | (telephonic participation in hearing requested) |
| ) | |
| ) | |
| Defendants. ) | |

---

NOTICE OF MOTION TO DISMISS CASE NO.: 2:17-cv-6538 RGK (AGRx)

**TO THE HONORABLE COURT AND TO ALL PARTIES:**

PLEASE TAKE NOTICE THAT on <u>March 19, 2018</u> at <u>9:00am</u> or soon as this matter may be heard before the Honorable R. Gary Klausner of the above-entitled court located at 225 East Temple Street, Courtroom 850, 8th Floor Los Angeles, CA. 92701, JF Collections Inc. and Joel Ford (collectively Defendants), in this case, respectfully move this Honorable Court, pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3) and 12(b)(5), to dismiss the plaintiff's, L.A. Gems and Jewelry Inc.'s complaint on grounds of lack of personal jurisdiction over the Defendants in the State of California, improper venue and insufficient service of process.

Because of the costs and hardship of Joel Ford traveling to the Central District of California, the defendant requests to parciipate in any hearing on this motion by telephone.

All Defendants are domiciled in Kinsman, Ohio and do not have sufficient contacts with California that would subject them to this Court's jurisdiction. Further, it would be unfair and unreasonable to exercise jurisdiction over Defendants in this forum. Accordingly, venue is also improper under 28 U.S.C. sections 1391(b) and (c) because Defendants do not reside in this district nor did any substantial part of the alleged events giving rise to plaintiff's claims occur in this district. Venue is also improperly laid in the Central District of California under 28 U.S.C. section 1400(a), which requires the plaintiff to institute a copyright action "in the district in which the defendant or his agent resides or may be found." Furthermore, no attempt was made to personally serve the defendant with a summons and a copy of the complaint pursuant to Federal Rule of Civil procedure 12(b) 5, and thus, no signature of the Defendants or any other associate of JF Collections Inc. was ever obtained at the address listed on the proof of service.

<u>2</u>

NOTICE OF MOTION TO DISMISS CASE NO.: 2:17-cv-6538 RGK (AGRx)

This motion is based upon the following documents: Memorandum of Points and Authorities in support of motion and Declaration in support of motion thereof, all other papers submitted and filed with this notice, the pleadings and papers on file in this action, all maters judicially noticeable, and on such further documentary evidence and oral argument as this Court may allow at the hearing.

Respectfully submitted,

Dated: February 12, 2018

By: _____

Joel Ford

Defendant in Pro Per

Joel Ford
6409 Webber Cole Rd.
Kinsman, Ohio 44428
(330)876-9213
Defendant in Pro Per

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

L.A. Gem & Jewelry Design Inc. )
                           )
                           )
                           )
                           )
                           )
      Plaintiff,        )
VS.                     )
                           )
J F COLLECTIONS INC.,   )
an Ohio Company and JOEL  )
FORD an individual       )
                           )
                           )
      Defendants.    )

Case No.: 2:17-cv-6538 RGK (AGRx)

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION
IMPROPER VENUE AND INSUFFICIENT
SERVICE OF PROCESS**

Judge: Gary Klausner
Courtroom 850

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND INSUFFICIENT
SERVICE OF PROCESS

## I.   <u>Introduction</u>

Plaintiff L.A. Gem & Jewelry Design, Inc. ("LA Gem") filed its complaint in the Central District of California on or about September 5, 2017, alleging claims for (1) copyright infringement and (2) contributory and/or vicarious copyright infringement against defendants JF Collections Inc. and Joel Ford (collectively, "Defendants").  However, LA Gem has failed to make a *prima facie* showing of this Court's jurisdiction over Defendants.  Specifically, plaintiffs merely contend that the nonresident defendants do business in the state of California and allegedly "directly benefits from the tortious conduct alleged herein." Compl., ¶ 9.  Such allegations alone are insufficient to confer personal jurisdiction on a nonresident defendant, especially when the allegations are contradicted by affidavits.  Taylor v. Portland Paramount Corp., 383 F. 2d 634, 639 (9th Cir. 1967).

As stated in the complaint, JF Collections is incorporated and located in Ohio, with its principle place of business located at 6409 Webber Cole Rd. Kinsman, Ohio 444428.  Compl., ¶ 8.  In addition, Joel Ford is a lifelong resident of Ohio and has lived at the same address as listed above for JF Collections (6409 Webber Cole Rd. Kinsman, Ohio 44428), for over 20 years. Ford Decl., ¶ 3.  There are no contracts, systematic or otherwise, that would allow this Court to exercise personal jurisdiction over these defendants and therefore, the complaint must be dismissed pursuant to Federal Rule of Civil Procedure, Rule 12(b)(2).

Venue is also improper in this district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(a). Because Defendants lack sufficient contacts with California, do not reside and cannot be found in California, this Court lacks personal jurisdiction and is an improper venue for the instant dispute.

Furthermore, the plaintiff alleges that on November 24, 2017 a copy of the Civil Summons and Complaint was "personally served on Mr. Joel Ford, Agent for Service of Process, as evidenced by the Proof of Service on file with this Court." Keshishian Decl. ¶ 3.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND INSUFFICIENT SERVICE OF PROCESS

However, on November 24, 2017, the Defendant was present at the address of 6409 Webber Cole Rd. Kinsman, Ohio 44428, listed on the Proof of Service all day and neither he nor his family or associates who were also present at the stated address, were personally served with a summons or received a copy of the complaint. The aforementioned is evidenced by the absence of the defendant's signature on the proof of service, which is confirmed by the Clerk of Courts. Additionally, no copy of the summons or complaint was left at the stated address of 6404 Webber Cole Rd. Kinsman Ohio 44428, neither was a copy of the summons or complaint mailed to the Defendant. FED. R. CIV. P. 4(c) specifies that the Plaintiff must have the Summons served with a copy of the Complaint within the time allowed by Fed. R. Civ. P. 4(m) (generally 120 days from the filing of the complaint) and "In the absence of valid service of process, proceedings against a party are void." *Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 350 (E.D. La. 2011) (quoting *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981)). Therefore, the complaint should be dismissed by the Court pursuant to Federal Rule of Civil Procedure, Rule 12(b)(5).

## II.   Factual and Procedural History

LA Gem is allegedly a California corporation having its place of business at 659 S. Broadway, Los Angeles, California 90014. Compl.,¶ 4. In its complaint, LA Gem alleges that it is the designer and creator of certain original artwork entitled LA Rocks I Love You to the Moon and Back Design No 440811 ("Moon Pendant"), subject of purported U.S. Copyright Registrations, LA Gem contends that Defendants have "engaged in the marketing, manufacturing, distribution, duplication, and/or sale of infringing copies of the Moon Pendant, without the authorization of LA Gem. Compl., ¶¶ 22-24, 26. LA Gem alleges that JF Collections has "engaged in continuous and systematic sales with this state and District, including through its "Main Street Revolution" storefront on Overstock.com. Compl., ¶ 8.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND INSUFFICIENT SERVICE OF PROCESS

LA Gem alleges that Joel Ford "does business in and with the State of California, and, in particular, with this District," "has control over the day to day operations thereof, and directly benefits from the tortious conduct alleged herein." Compl., ¶ 9.

The Defendant Joel Ford is the President and founder of JF Collections. As President Mr. Ford manages and oversees daily operations, which include but are not limited to the production, marketing and distribution of watches to retail chains. JF Collections has been a watch supplier for chain store retailers for over 26 years. Ford Decl., ¶ 5. .

Mr. Ford is, and at all relevant times, was a resident of Kinsman, Ohio. He intends to maintain his domicile 6409 Webber Cole Rd. Kinsman, Ohio for the foreseeable future as his permanent home. Mr. Ford does not maintain any personal bank accounts in California, and does not, in his individual capacity, regularly make purchases or sales in California. Mr. Ford does not maintain a personal mailing address in California. In sum, Mr. Ford has no physical presence or agent within California. Ford Decl., ¶ 3.

JF Collections was incorporated in the State of Ohio on November 6, 1992, with its principle place of business located at 6409 Webber Cole Rd. Kinsman, Ohio 44428. Over 99% of JF Collections sales are derived from its direct sales of private label watches to retail chain stores located in the Midwest. Ford Decl., ¶ 5. Because the majority of sales are derived through direct sales to retail chains, JF Collections does not market any of its products on its own website, nor does it maintain a website for the purpose of sales of any of its products. Ford Decl., ¶ 6. JF Collections does not employ any employees or independent contractors in California. All of JF Collections personnel and storage of its corporate records are located at its facilities in Kinsman, Ohio.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND INSUFFICIENT SERVICE OF PROCESS

## III.  Argument

### A. General Jurisdiction

General Jurisdiction arises where the defendant's activities in the form are sufficiently "continuous and systematic" to "render them essentially at home in the form state." *Daimler AG v Bauman*, 134 S. Ct. 746, 754 (2014).  Further, the plaintiff bears the burden of establishing by a *prima facie* showing that personal jurisdiction is proper.  *American Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert,* 94 F.3d. 586, 588, (9th Cir. 2004).  It is undisputed that the defendant Joel Ford is not domiciled in California and is therefore not literally "at home" in the form state," since his residence is in Ohio.   Furthermore, JF Collections is incorporated in Ohio and makes 99% of its sells (which is comprised almost entirely of watches) directly to chain store retailers whose corporate offices are located outside of California, in the Midwestern section of the United States. Ford Decl., ¶ 5.  Only in an exceptional case might a corporations operations elsewhere be so substantial as to render the corporation "at home" in that forum. *Daimler,* 134 S. Ct. at 761 n.19. The instant matter is not such an exceptional case.  The Defendants have no activities relating directly to this district or the state of California either through advertising, marketing campaigns or through any other mediums (such as radio, television, or print media.   JF Collections total sales through Main Street Revolutions website equated to far less than 1% of its total sales and this third party website account was established primarily to reduce excess watch inventory.  Ford Decl., ¶¶ 7, 8.  Amount of sales, while not dispositive, may inform the general jurisdiction inquiry. *Coremetrics, Inc. v. Atomic Park.com LLC* 370 F. Supp. 2d 1013, 1022-23 (N.D. Cal. 2005).  To the best of the Defendants knowledge, none of the 14pcs of the alleged copyrighted "Moon Pendants" that JF Collections listed and sold through Main Street Revolution's website over a 4 week period, were ever sold within this District or the State of California. Ford Decl., ¶ 11.

The plaintiff references Main Streets SKU 18161182 as its only proof that the defendant ever sold the alleged copyrighted "Moon Pendant" and claims that, "Ford sold unauthorized infringing copies of the Moon Pendant to the public, and customers in this district." Compl., ¶ 24. However, the plaintiff fails to show that any of the14pcs of the alleged copyrighted "Moon Pendants" that were sold, were ever sold in this district or the state of California, or that they remained online for more than 4 weeks. Ford Decl., ¶ 11. The plaintiff has failed to show that JF Collections made even a single internet sale to a California resident, much less that it did so continuously and systematically within this district. *Revell V. Lidov,* 317 F .3d 467, 471 (5th Cir. 2002). Indeed, there is no activity that the Defendants have within the state of California that could be interpreted as systematic and listing the alleged copyrighted item online on a third party website for 4 weeks can hardly be interpreted as continuous. Therefore, the plaintiff's allegations that "JFC has engaged in continuous and systematic sales with this state and District" are unsubstantiated. Compl., ¶ 8.

## B. Specific Jurisdiction

The Ninth Circuit employs a three-part test to determine whether a court has specific jurisdiction over a defendant:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.

(2) The claim must be one which arises out of or relates to the defendant's forum-related activities.

(3) The exercise of jurisdiction must be comport with fair play and substantial justice, i.e. it must be reasonable.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND INSUFFICIENT SERVICE OF PROCESS

### 1. Purposeful Direction

Plaintiff LA Gem asserts claims of direct and contributory and/vicarious copyright infringement against all Defendants. Compl., ¶¶ 33-35. A claim for copyright infringement "is often characterized as a tort." *Brayton,* 606 F. 3d at 1128 (citing *Columbia Pictures Tv v. Krypton Broad. of Birmingham, Inc.,* 106 F.3d 284, 289 (9th Cir. 1997) (likening willful copyright infringement to an intentional tort)).

Consequently, "purposeful direction" using the three-part "Calder-effects" test, under which ""the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."" *Brayton,* 606 F. 3d at 1128 (citing *Yahoo! Inc.,* 433 F. 3d at 1206).

### a. Intentional Act

An intentional act for purposes of the effects test requires only an intent to perform an actual, physical act in the real world, regardless of any intent to accomplish a result or consequence of that act. *CYBERsitter, LLC v. People's Republic of China,* 805 F. Supp. 2d 958, 969 (C.D. Cal. 2011). Here LA Gem alleges that Defendants, collectively engaged in the marketing manufacture, distribution, duplication, and/or sale of infringing copies of the alleged copyright infringed "Moon Pendants" to the public within this district. Compl., ¶¶ 2,3. Nevertheless, the placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state. *Asahi Metal Indus. Co. v Superior Court,* 480 U.S. 480 U.S. 102, 112 (1987) Mr. Ford could not have personally performed any intentional act of alleged marketing, manufacture, distribution, duplication, or sale of the purported infringing copy of the "Moon Pendant" that was not on behalf of the entity JF Collections Inc. In fact, the website upon which LA Gem alleges such allegedly infringing copies of the pendants are offered for sale, have no connection to Mr. Ford in his individual capacity. Compl., ¶ 8. The relationship must arise out of contacts that the "defendant himself" creates with the forum state. *Walden v. Fiore,* 134 S. Ct. 1115, 1122 (2014).

Even if a corporation is subject to local jurisdiction, it does not necessarily mean that its nonresident officers, directors, agents, and employees are suable locally as well; rather, jurisdiction must be properly based on an individual assessment of that individual defendant's contacts with the forum. *Calder v. Jones*, 465 U.S. 783, 790 (1984); *Davis v. Metro Productions, Inc.,* 885 F. 2d 515, 521 (9th Cir. 1989). Mr. Ford's lack of personal contact with California is sufficient to preclude an intentional act.

### b. Express Aiming

A defendant has not purposefully availed himself of the privilege of conducting activities in a forum state merely because a website he sells through can be accessed there. *DFSB Kollective C. Ltd v Bourne*, 897 F. Supp. 2d 871, 880 (N.D. Cal. 2012). The only method of sales that is cited in the Complaint that links JF Collections to this forum, is its passive use of Main Streets website to sell an insignificant amount of watches and a few pieces of jewelry, yet something more than a passive website is required, and courts will consider the website's interactivity, the "geographic scope of the defendant's commercial ambitions," and whether the defendant individually targeted a known plaintiff of the forum state. *Mavrix,* 647 F. 3d at 1229.

### c. Harm in California

Mr. Ford never knew of the existence of LA Gems until December 26, 2017. Ford Decl., ¶ 12. Only 14pcs of the alleged copyrighted "Moon Pendant" were sold over a 4 week period via Main Streets website and to the best of the Defendants knowledge none were sold in the state of California. Ford Decl., ¶ 10. A jurisdictionally sufficient amount of harm must be procured to satisfy this prong. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F. 3d 1199, 1207 (9th Cir. 2006). Incidentally selling 14pcs of the item in question over a 4 week period outside the state of California does not comport as a jurisdictionally sufficient amount of harm in California.

**2. LA Gem's Claims Do Not Arise out of Defendants Contacts with California**

The Ninth Circuit relies on a "but for" test to determine whether a particular claim arises out of forum-related activities and thereby satisfies the second requirement for specific jurisdiction. *Ballard v. Savage,* 65 F. 3d 1495, 1500 (9th Cir. 1995). That is, if plaintiff would not have suffered loss, "but for" defendant's forum-related activities, this element is satisfied. *Id.*

Under the "but for" analysis, LA Gem has failed to show that the harm it alleges to have suffered arises out of or is related to Defendants' California-related activities. In fact, LA Gem has failed to show that Defendants have any connection to this forum. The proper focus of the "minimum contacts" inquiry in intentional-tort cases is "the relationship among the defendant, the forum, and the litigation. *Calder,* 465 U.S. at 788 (citing Shaffer v. Heitner, 433 U. S. 186, 204 (1977)). LA Gem cannot show "but for" Defendants' contacts with California it would not have suffered a loss.

**3. Exercising Jurisdiction Over Defendants is Unreasonable**

The burden of Defendants in litigating in California must be examined in light of the corresponding burden on the plaintiff. *Sinatra v National Enquirer, Inc.,* 854 F. 2d 1191, 1199 (9th Cir. 1988). Given that LA Gem is a California Corporation located in Los Angeles, California, it chose to file suit conveniently in its own home court, over 2,000 miles away from the Defendants. Forcing Mr. Ford to defend this suit from another state over 2,000 miles away is unduly burdensome because of the inconvenience, expense and inherent hardship in being absent from work, home and family. California has no interest in adjudicating a dispute where the alleged copyright infringement and purported illegal distribution are centered at facilities in Kinsman, Ohio, and LA Gem has failed to allege any specific harm it has allegedly suffered in California specifically. Whatever inconvenience LA Gem faces in litigating in Ohio is outweighed by Defendants' right to "fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316.

LA Gem cannot demonstrate the unavailability of an alternative forum and could have brought this suit in the U. S. District Court of Ohio, where personal jurisdiction would have been proper over each defendant.

## C. Improper Venue

All defendants reside in the state of Ohio, so venue is proper in the U.S District Court for the District of Ohio. See 28 U.S.C. § 1391 (b)(1). Mr. Ford lives in Kinsman, Ohio and intends to maintain Kinsman Ohio as his permanent home for the foreseeable future. Ford Decl., ¶ 3. Even if residency is not taken into account, LA Gem fails to properly allege whether a substantial part of the events giving rise to its copyright claims occurred within the Central District of California, pursuant to § 1391 (b)(2). Section 1391 requires that a "substantial part" of the events or omissions occur in the judicial district where suit is filed. *Jenkins Brick Co. v. Bremer,* 321 F.3d 1366, 1371 (11th Cir/ 2003). LA Gem fails to allege facts sufficient to meet this standard. Indeed, LA Gem fails to allege that it suffered any specific harm in California. Additionally, in copyright infringement actions, venue is proper only "in the district in which the defendant or his agent resides or may be found." 28 U.S.C.§ 1400(a). The Ninth Circuit interprets this statutory provision to allow venue "in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." *Columbia Pictures,* 106 F. 3d at 289. As explained in detail above, this Court does not maintain personal jurisdictions over any of the Defendants. Consequently, venue is also improper under the statutory venue provision for copyright pursuant to § 1400(a). Because the Central District of California is an improper venue for this action under LA Gem's purported statutory bases outlined above, granting Defendants motion to dismiss for improper venue is proper.

## D. Insufficient Service of Process

FED.R.Civ.P. 4(c) specifies that the Plaintiff must have the Summons served with a copy of the Complaint within the time allowed by Fed. R. Civ. P. 4(m) (generally 120 days from the filing of the complaint). On December 21, 2017 in his declaration in support of a request to enter default against defendant Joel Ford, Milord A Keshishian, counsel for the Plaintiff, declared under penalty of perjury that "on November 24, 2017, a copy of the Civil Summons and Complaint in the above-entitled action was personally served on the Defendant." Keshishian Decl. ¶ 3. This statement has not been substantiated by the plaintiff or the plaintiff's attorney. As stated by the Defendants, there can be little doubt that no attempt was made to personally serve a summons on November 24, 2017 to Mr. Ford at 6409 Webber Cole Rd. as alleged by Keshishian. Ford Decl. ¶¶13, 14. Not only was Mr. Ford not serviced with a summons, but none of his associates or family members who were with him that day, saw anyone who either asked for a signature or left a copy of the complaint. Ford Decl. ¶¶13, 14. In addition, no copy of a complaint was ever mailed to Mr. Ford or anyone at his company. "The party making service has the burden of demonstrating its validity when a Rule 12(b)(5) objection to service is made. " *Quinn* 470 Fed. Appx. 323 (citing *Carimi v Royal Carribean Cruise Line, Inc.,* 959 F. 2d 1344, 1346, (5th Cir. 1992)). Although the plaintiff and their council claim a summons had been served, no signature of the defendant was ever obtained, nor was the original summons returned. "The general rule is that (a) signed return of service constitutes *prima facie* evidence of valid service which can be overcome only be strong and convincing evidence." *Thomas,* 278 F.R.D. (quoting *People's United Equip. Fin. Corp. v. Hartmann,* 447 Fed. Appx. 522, 524 (5th Cir. 2011). In this case the original summons was neither signed nor was it returned and the plaintiff therefore lacks *prima facie* evidence

" (P)ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." *Lisson*, 262 Fed. Appx. at 571. However, it is apparent that the plaintiff is represented by an experienced legal council who has filed numerous suits on the plaintiff's behalf. The plaintiff's attorney did not make a simple clerical error, that caused a minor defect in the service process, but rather failed to initiate the service process completely. Without a summons being served and under penalty of perjury, plaintiff's attorney declared "I make this declaration in support of Plaintiff's Request to Enter Default as to Defendant JOEL FORD ("Defendant")" Keshishian Decl ¶ 1. It is apparent that the plaintiff's council was at all times working on their behalf and as such, should not be allowed "latitude" by this Court without a valid returned of service.

"In the absence of valid service of process, proceedings against a party are void." *Thomas v New Leaders for New Sch.*, 278 F.R.D. 347, 350 (E.D. La. 2011) (quoting *Aetna Bus. Credit, Inc. v Universal Décor & Interior Design*, 635 F 2d. 434, 435 (5th Cir 1981)). Given that the plaintiff has not shown *prima facie* evidence of valid service, granting the Defendants motion to dismiss for insufficient service of process is proper, pursuant to Federal Rule of Civil Procedure, Rule 12(b)(5).

## I.   Conclusion

Based on the foregoing, Defendants respectfully request that this court grant their Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue and Insufficient Service of Process.

Respectfully submitted,

Dated: February 12, 2018

By: _____

Joel Ford

Defendant in Pro Per

_____12_____
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND INSUFFICIENT SERVICE OF PROCESS

Joel Ford
6409 Webber Cole Rd.
Kinsman, Ohio 44428
(330)876-9213
Defendant in Pro Per

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. Gem & Jewelry Design Inc. ) | Case No.: 2:17-cv-6538 RGK (AGRx) |
| ) | |
| ) | **DECLARATION OF JOEL FORD** |
| ) | **IN SUPPORT OF** |
| ) | **MOTION TO DISMISS FOR LACK OF** |
| ) | **PERSONAL JURISDICTION** |
| ) | **IMPROPER VENUE AND INSUFFICIENT** |
| Plaintiff, ) | **SERVICE OF PROCESS** |
| VS. ) | |
| ) | Judge: Gary Klausner |
| J F COLLECTIONS INC., ) | Courtroom 850 |
| an Ohio Company and JOEL ) | |
| FORD an individual ) | |
| ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF JOEL FORD

I, Joel Ford, hereby declare as follows:

1. I am the President and founder of JF Collections Inc., defendants in this matter and am authorized to make this declaration. I am over the age of 18 and am competent to testify to the facts stated in this declaration. I have personal knowledge of the facts and circumstances in the above-entitled matter as they relate to this declaration, and if called upon, I could and would competently testify thereto.

_____1_____

2. As to any matters stated herein on the basis of information and belief, I believe them to be true. Any memorandum, report, record, or data compilation relied on by me has been kept in the course of regularly conducted business activity, and it has been the regular practice of JF Collections to create and maintain these records as part of their regularly conducted business activity.

3. I am and have been a resident of Kinsman, Ohio for over 20 years. I intend to maintain my domicile in Kinsman, Ohio for the foreseeable future as my permanent home. I do not maintain any personal bank accounts in California. I do not, in my individual capacity regularly make purchases or sales in California and I do not maintain a personal mailing address in California.

4. As President of JF Collections Inc., my responsibilities include management and oversight of the sales, manufacturing, and distribution of JF Collections products.

5. JF Collections Inc., was incorporated in the state of Ohio on November 6, 1992, with its principle place of business located at 6409 Webber Cole Rd. Kinsman, Ohio 44428. JF Collections Inc. has been a producer and distributer of private label watches for over 26 years. Approximately 99% of JF Collections sales are derived from directly selling watches to chain store retailers located in the mid-western region of the U.S. JF Collections does not currently sale nor to the best of my knowledge, has ever sold its products directly to any companies located within the state of California.

6. Because of the exclusive nature involved in the production and sales of private label watches, JF Collections does not actively market its products on its own website nor does it currently maintain any website for the purposes of actively selling its products.

7. In order to reduce a portion of its excess watch inventory, JF Collections established an account with Overstock.com's Main Street Revolution website, in September of 2014.

8. Sales made though Main Street Revolutions website equated to less than 1% of JF Collections total sales for each of the years 2014, 2015 & 2016, respectively.

_____2_____

DECLARATION OF JOEL FORD IN SUPPORT OF DEFENDANTS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND INSUFFICIENT SERVICE OF PROCESS

9. Unlike many online sales sites, Main Street was set up specifically for small and minority owned businesses and as such every item that is submitted has to be approved by a seasoned buyer and is also assigned a selling price by that buyer. In addition, once an item is approved and listed, it can be pulled from Main Street's website at any time and for any reason, at the buyer's discretion. Main Street, not JF Collections, controls what can be sold, at what cost and for how long it can be listed on their website.

10. September of 2015, was the first time JF Collections ever listed jewelry items on Main Street's website and we did so with the intent to add interest to our current listing of watches. On January 14, 2016, JF Collections order a few additional pieces of jewelry including 20pcs of the alleged copyrighted item "Moon Pendant" from online jewelry whole-saler Rosewholesale.com, as can be seen on the right.

**ROSE WHOLESALE**

Order No : HH124113192224705YH  Tracking Number:782861F968 By QHL
Order Status: Shipped out  Update date 01/22/2016 04:14:50 AM PST

| Product Name | SKU | Goods prices | Quantity | Subt... |
|---|---|---|---|---|
| Rhinestone Letter Engraved Moon Sun Charm Bracelet | 149895301 | US02.71 | 20 | USD54.20 |

11. The alleged copyrighted "Moon Pendant" was submitted to Main Street's buyer on January 28, 2017 and was approved and was listed on Main Street's website on January 30th. However, within approximately 4 weeks from the date it was listed, Main Streets buyer decided to pull the item from their website. During this 4 week time period, we only sold 14pcs and although we did not know the reason it was pulled from Main Street's site, we discontinued this item and destroyed the remaining 6pcs we had in stock. In sum, we purchased only 20pcs of the alleged copyrighted "Moon Pendant", sold only 14pcs and the item was then pulled and discontinued within 4 weeks of its listing. To the best of my knowledge none of 14pcs of the "Moon Pendants" were sold within this district or the state of California and we have never purchased or sold this item or any similar item since that time. An excerpt from Main Streets March 2016 status report below confirms the discontinued product status of this item. The SKU number 18161183, shown below, is referenced in the plaintiff's complaint. Compl., ¶ 24.

| OSTK Full SKU | Product Name (Click Name to go to Product Page) | Option Name | Product Status | Partner Current QOH | First Onsite Date | Partner Cost | Selling Price | Sourcing Last Change Date |
|---|---|---|---|---|---|---|---|---|
| 18161183-000-000 | Product Not Available | I LoveYou Silver | DISCONTINUED | 6 | 1/30/2016 | $14.00 | $22.19 | 1/28/2016 Submitted to buyer |

3

DECLARATION OF JOEL FORD IN SUPPORT OF DEFENDANTS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND INSUFFICIENT SERVICE OF PROCESS

12. On December 26, 2017, I received a US postal envelope addressed from the plaintiff's attorney, Milford and Associates, which contained a copy of a declaration made by Milford A. Keshihain in support of the plaintiff LA Gem's request to enter default as to the defendant JF Collections. Under penalty of perjury, the plaintiff's attorney declared," On November 24, 2017 a copy of the Civil Summons and Complaint in the above-entitled action was personally served on Mr. Joel Ford, Agent of Service Process, pursuant to Fed. R. Civ. P. 4(h)(1)(B), as evidenced by the Proof of Service on file with this Court." Keshishian Decl. ¶ 3.

13. The aforementioned declaration received on December 26, 2017, was the first and only information I had ever received pertaining to this lawsuit, and it was also the first time I had ever heard of LA Gem.

14. On November 24, 2017, myself and my wife worked in our business (which is also located at the same address as our home, 6409 Webber Cole Rd. Kinsman, Ohio 44428), the entire day. Our business is attached to our home and there are only two main entrances, one at the side and one at the front. Both entrances have working door bells and there are windows placed so we have a clear view of any vehicles that come into our driveway. In addition we have a security system with motion sensors that would make it extremely difficult for anyone to enter undetected. November 24th, is also my wife's birthday and on the date in question, we had several cars in our parking lot, because of the people who came to wish her well that day. In addition, our two children were home from college and spent the entire day with us as well.

15. In sum, our security system did not detect, nor did any of our family members or friends notice or were approached by anyone who allegedly came to serve a summons on November 24, 2017. No one present at 6409 Webber Cole Rd. Kinsman, Ohio 44482 on November 24, 2017, including myself, was asked to sign for a summons and no copy of a compliant was left at 6409 Webber Cole Rd. Kinsman, Ohio 44428, on November 24, 2017, as is alleged by the plaintiff's attorney. Keshishian Decl. ¶ 3.

DECLARATION OF JOEL FORD IN SUPPORT OF DEFENDANTS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND INSUFFICIENT SERVICE OF PROCESS

16.  On December 29, 2017, I contacted the help desk of clerk of court for California's Central District and was emailed a copy of this complaint from Lori Wagers on that same day. December 29, 2017, was the first time I was able to review this complaint in its entirety and it is from this copy (which was emailed from the clerk of court at my own request) that I am responding to today.  As of this date, I have not yet been served a summons nor have I received a copy of this complaint from the plaintiff or the plaintiff's attorney.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 12 day of February 2017, in Kinsman, Ohio

Joel Ford

Defendant in Pro Per

DECLARATION OF JOEL FORD IN SUPPORT OF DEFENDANTS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND INSUFFICIENT SERVICE OF PROCESS

On February 13, 2018, I served the documents described as:

      Notice of Motion to Dismiss
      Memorandum of Points and Authorities in Support of Motion
      Declaration in Support of Motion
      Proposed Order
      Proof of Service by Mail

on all interested parties in this action by placing a true and correct copy thereof in a sealed envelope, sent USPS priority mail, and deposited said envelope in the United States mail at or in Cortland, Ohio addressed to:

Milford & Associates
10517 West Pico Boulevard
Los Angeles, CA 90064

Honorable R. Gary Klausner Chambers
Roybal Federal Building and U.S. Courthouse
255 East Temple Street, Courtroom 850, 8th Floor
Los Angeles, CA 90012


      I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 13, at Cortland, Ohio



Joel Ford

This envelope is made from post-consumer waste. Please recycle - again

**POSTAL SERVICE** ®

**P**

US POSTAGE PAID
**$6.70**

Origin: 44143
Destination: 92701
0 LB 15.80 OZ
Feb 15, 18
38970410-03

1006

**PRIORITY MAIL 2-Day** ®

Expected Delivery Day: 02/15/2018

C013

**USPS TRACKING NUMBER**

9505 5143 6191 8044 1551 94



P S0000 100001 4

EP14F July 2013
OD: 12.5 x 9.5

---

**PRIORITY**
**★ MAIL ★**

UNITED STATES
POSTAL SERVICE ®
VISIT US AT USPS.COM ®
ORDER FREE SUPPLIES ONLINE

Label 228, March 2016

FROM: Jeff Sequist/Fellowship

3469 coronado Cate #2

Anaheim, CA 92808

*Jeff Squist*

TO: United States Discount

Attn: Luis Mayoral

411 West 4th St.

Room 1053

Santa Ana, CA 92701

---

VISIT US AT USPS.COM ®
ORDER FREE SUPPLIES ONLINE

FOR DOMESTIC AND INTERNATIONAL USE

UNITED STATES
POSTAL SERVICE ®

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.

# PRIORITY
★ MAIL ★

**FLAT RATE ENVELOPE**
ONE RATE ★ ANY WEIGHT™

RECEIVED
CLERK, U.S. DISTRICT COURT

FEB 1 5 2018

CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION        BY DEPUTY



TRACKED ★ INSURED ★



P S 0 0 0 0 1 0 0 0 0 1 4

EP14F July 2013
OD: 12.5 x 9.5

* Domestic only.   * For international shipments, the maximum weight is 4 lbs.



**UNITED STATES POSTAL SERVICE** ®